# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA FAY ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-563-PJC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Claimant, Linda Fay Rogers ("Rogers"), pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Rogers' applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Rogers appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Rogers was not disabled. For the reasons discussed below, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### Procedural History

Rogers filed her applications for disability insurance benefits and supplemental security income benefits with a protective filing date of May 13, 2010. (R. 18, 112-20). Rogers asserted onset of disability on May 18, 2009. *Id.* The applications were denied initially and on

reconsideration. (R. 97-99, 107-11). An administrative hearing was held before ALJ John W. Belcher on March 13, 2013. (R. 891-925). By decision dated April 4, 2013, the ALJ found that Rogers was not disabled. (R. 18-30). On July 21, 2014, the Appeals Council denied review. (R. 6-8). Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Social Security Law and Standard Of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520.[1] *See also Wall v. Astrue*, 561 F.3d 1048, 1052-53 (10th Cir. 2009)

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step Two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App.1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to Step Four, where the claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's Step Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account his age, education, work experience, and RFC, can perform. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. 20 C.F.R. § 404.1520.

2

(detailing steps). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Lax*, 489 F.3d at 1084 (citation and quotation omitted).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Wall*, 561 F.3d at 1052 (quotations and citations omitted). Although the court will not reweigh the evidence, the court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.*

### Decision of the Administrative Law Judge

In his decision, the ALJ found that Rogers met insured status requirements through December 31, 2015. (R. 20). At Step One, the ALJ found that Rogers had not engaged in any substantial gainful activity since her amended alleged onset date of September 1, 2011. *Id.* At Step Two, the ALJ found that Rogers had severe impairments of "peripheral vascular disease; heart disease; degenerative disc disease cervical and lumbar spine; degenerative changes of the feet; and depression." *Id.* At Step Three, the ALJ found that Rogers' impairments did not meet any Listing. (R. 21-23).

The ALJ found that Rogers had the RFC to perform light work with no climbing ladders, ropes, or scaffolds, and occasional climbing stairs, balancing, bending, stooping, crouching, or crawling. (R. 23). He found that Rogers should avoid hazardous machinery, unprotected heights,

3

and driving. *Id.* He said that Rogers could do simple work and was limited to superficial contact with coworkers, supervisors, or the general public. *Id.* At Step Four, the ALJ determined that Rogers could not return to past relevant work. (R. 28). At Step Five, the ALJ found that there were a significant number of jobs in the national economy that Rogers could perform, taking into account her age, education, work experience, and RFC. (R. 28-29). Therefore, the ALJ found that Rogers was not disabled at any time from September 1, 2011 to the date of his decision. (R. 29).

## Review

The Court agrees with Rogers that the ALJ's analysis of the evidence and law relating to Listing 12.05C is not in compliance with legal requirements. For these reasons, the ALJ's decision is **REVERSED AND REMANDED**.

> Listing 12.05 states as follows:
>
> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> [Subsections A and B omitted.]
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
> [Subsection D omitted.]

20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05.

In his decision, the ALJ discussed Listing 12.05 and said that Rogers did not meet paragraph C of this Listing because she did "not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." (R. 22). He then noted the Full Scale IQ score

4

found by agency examining consultant Larry Vaught, Ph.D., on September 27, 2012. (R. 22-23).

The ALJ continued as follows:

> However, school records, prior to age 22, at Exhibit 15E, show the claimant during certain quarters in high school had grades of A's, B's and C's in subjects such as English, Math, History, and Science. There are also several quarters showing D's and F's, but there is no evidence to explain why the claimant went from good grades to poor grades. The claimant testified that she dropped out of school to help her father. There does not appear to be enough evidence to show the claimant had significant learning disabilities prior to age 22.

(R. 23).

The Tenth Circuit discussed Listing 12.05C and the requirement that a claimant have deficits in adaptive functioning at some length in *Barnes v. Barnhart*, 116 Fed. Appx. 934 (10th Cir. 2004) (unpublished). While the wording of Listing 12.05C itself does not make clear that deficits in adaptive functioning are an added requirement to the criteria of low IQ and an additional severe impairment, the Tenth Circuit found that the Social Security Administration had confirmed that deficits in adaptive functioning are a requirement through a 2000 amendment and agency rulings. *Id.* at 938-39. The court noted, however, that several questions remained about the additional requirement of deficits in adaptive functioning, including "how it should be assessed by the ALJ." *Id.* at 940. The *Barnes* court described the analysis of the ALJ in that case as an "ad hoc functional approach," and it said that the ALJ had not complied with the Commissioner's "direction that ALJs choose and apply one 'of the measurement methods recognized and endorsed by [one of] the [four major] professional organizations' dealing with mental retardation." *Id., quoting* 67 Fed. Reg. 20,018, 20,022 (Apr. 24, 2002) (brackets in original). Because the ALJ had not complied with the requirement of choosing and applying an identified method, the Tenth Circuit said that the case must be remanded and that the ALJ must

identify which standard he selected so that the court would be able to provide a meaningful review. *Barnes*, 116 Fed. Appx. at 940, 942-43.

This Court is in the same position in Rogers' case that the Tenth Circuit was in with regard to the *Barnes* case, with the same inability to provide meaningful review of the ALJ's decision. The ALJ's discussion of Listing 12.05C was not comprehensive, and it is certainly not clear to this Court that the ALJ used the correct standards in deciding that Rogers did not meet the requirements of 12.05C. *See Havenar v. Astrue*, 438 Fed. Appx. 696, 698-99 (10th Cir. 2011) (unpublished) (ALJ's confusing explanation for why claimant did not meet requirements of Listing 12.05C was "insufficient to permit meaningful review").

The first flaw in the ALJ's discussion was his incorrect statement, as quoted above, that Rogers did not have a valid IQ of 60 through 70 and an additional impairment. (R. 22). In fact, Rogers' full scale IQ, as the ALJ noted later in his discussion of Listing 12.05C, was 64. (R. 796). The requirement of an additional impairment appears to be met easily by the ALJ's findings of several severe impairments at Step Two of his decision, as well as his RFC imposing a limitation to light work with significant postural and other limitations. (R. 20, 23). Thus, the ALJ's first sentence discussing Listing 12.05C appears to be incorrect. *See Havenar*, 438 Fed. Appx. at 698 (noting that the claimant met both the IQ and additional limitation requirements of Listing 12.05C). The Court has not been able to find a portion of the Commissioner's Response Brief that directly addresses this sentence of the ALJ's decision. Commissioner's Response Brief, Dkt. #28.

The second flaw in the ALJ's discussion of Listing 12.05C is that he never mentioned the language of Listing 12.05 referring to "deficits in adaptive functioning." (R. 18-30). Instead of discussing whether Rogers had deficits in adaptive functioning, the ALJ discussed Rogers'

6

performance in school, ultimately concluding that there was not enough evidence to show that Rogers had "significant learning disabilities" prior to age 22. (R. 23). Listing 12.05 does not ask whether a claimant had learning disabilities before age 22. Instead, the language the agency used in its regulation was whether the claimant had deficits in adaptive functioning. 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05. Because the ALJ's decision did not accurately recite or discuss the language used by Listing 12.05, this Court is unable to rule that his decision applied the appropriate standards. *Havenar*, 438 Fed. Appx. at 698-99 (ALJ's confusing explanation for why claimant did not meet requirements of Listing 12.05C was "insufficient to permit meaningful review"); *Peck v. Barnhart*, 214 Fed. Appx. 730, 733-37 (10th Cir. 2006) (unpublished) (reversing ALJ's failure to make specific findings regarding Listing 12.05C); *Smith v. Barnhart*, 172 Fed. Appx. 795, 801-02 (10th Cir. 2006) (unpublished) (ALJ's failure to specifically address Listing 12.05 was reversible error because court could not "engage in meaningful judicial review").

The Commissioner concedes that the ALJ "did not use the correct terminology" in his discussion of Listing 12.05C. Commissioner's Response Brief, Dkt. #28, p. 5, n.3. While the Commissioner does not use the term "harmless error" in this portion of her Brief, she does suggest that the Court can "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id., quoting Davis v. Erdmann*, 607 F.2d 918, 919 n.1 (10th Cir. 1979). The difficulty here, of course, is that the ALJ's "path" is not reasonably discerned because he did not use the correct legal standard that the agency used in its own regulations. While *Peck*[2] is not precedential, the Court finds it persuasive that the Tenth Circuit in *Peck* refused to apply the

---

[2] According to Tenth Circuit Rule 32.1, unpublished decisions are not precedential, but may be cited for their persuasive value.

7

concept of harmless error when the ALJ had failed to make specific findings related to Listing 12.05C. *Peck*, 214 Fed. Appx. at 736-37. This Court rejects the Commissioner's argument that the ALJ's discussion of learning disabilities was an adequate analysis of Listing 12.05C.

Further, the Commissioner suggests that Rogers' performance of semiskilled work for several years can also be used by this Court to find that Rogers did not meet the requirements of Listing 12.05C, although she concedes that this reasoning was "not expressly considered by the ALJ." Commissioner's Response Brief, Dkt. #28, p. 5. The Commissioner is aware that her suggestion in this regard is in the nature of *post hoc* justification of the ALJ's decision. The undersigned will not usurp the ALJ's function by making findings that are not contained in his decision. *Krauser v. Astrue*, 638 F.3d at 1324, 1328-30 (10th Cir. 2011) (*post hoc* justifications of ALJ's analysis of treating physician opinion were prohibited); *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (*post hoc* rationale seeking to justify ALJ's 12.05C Listing decision is improper because it usurps agency's function of weighing and balancing evidence in the first instance); *Havenar*, 438 Fed. Appx. at 699.

Thus, as was true in *Barnes*, this Court must reverse and remand so that the ALJ can explicitly address the requirement of deficits in adaptive functioning included in Listing 12.05C. As discussed in this Order, the ALJ must state his method, chosen from one of the four professional organizations as required by the Social Security Administration's own regulations, for determining whether Rogers meets the requirement of deficits in adaptive functioning. The ALJ must provide his analysis of the facts of Rogers' case measured against the chosen criteria.

## Conclusion

The Court takes no position on the merits of Rogers' disability claim, and "[no] particular result" is ordered on remand. *Thompson v. Sullivan*, 987 F.2d 1482, 1492-93 (10th Cir. 1993). This case is remanded only to assure that the correct legal standards are invoked in reaching a decision based on the facts of the case. *Angel v. Barnhart*, 329 F.3d 1208, 1213-14 (10th Cir. 2003), *citing Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

Because this case is reversed based on the ALJ's failure to adequately address the requirements of Listing 12.05C, including his failure to explain his methodology for assessing whether Rogers had deficits in adaptive functioning, the undersigned declines to discuss Rogers' other asserted appeal issues. On remand, the Commissioner should ensure that any new decision sufficiently addresses all issues raised by Rogers.

Based on the foregoing, the decision of the Commissioner denying disability benefits to Claimant is **REVERSED AND REMANDED.**

Dated this 8th day of October 2015.

_____
Paul J. Cleary
United States Magistrate Judge